38 F.3d 1215
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Arlen FIELDS, Plaintiff-Appellant,
v.
Al C. PARKE, Warden; William Seabold, Warden; Sharon
Caudill; Captain Terry Shelley, Defendants-Appellees.
 No. 94-5404.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1994.
 
 1
 Before: KEITH and DAUGHTREY, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Arlen Fields appeals a grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Fields filed his complaint in the district court alleging that the defendant Kentucky prison officials were deliberately indifferent to a known risk of assault when they transferred him to the Kentucky State Penitentiary where he was assaulted by a fellow inmate. Plaintiff sued defendants in their individual and official capacities and sought over $1,000,000 compensatory damages from each defendant. Cross-motions for summary judgment were filed, and the magistrate judge recommended that summary judgment be granted in favor of all defendants except defendant Parke. Plaintiff filed objections, and the district court adopted the magistrate judge's recommendation with respect to all defendants except defendant Parke, for whom the district court also granted summary judgment. Thereafter, the district court granted plaintiff leave to appeal in forma pauperis.
 
 
 4
 On appeal, plaintiff contends that defendants owed him a duty to ensure his safety because they knew that a danger of assault existed. Defendants have notified the court that they do not intend to file a brief on appeal. Upon consideration, we affirm the judgment for reasons slightly different than those stated by the district court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 5
 Following the district court's judgment in this case, the Supreme Court reiterated that "(a) prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 114 S.Ct. 1970, 1974 (1994) (citations omitted). Moreover, the Court recognized prison officials' obligation to protect prisoners from violent assault at the hands of fellow inmates. Id. at 1976-77. However, the Court defined 'deliberate indifference' in the context of an Eighth Amendment claim for the first time and adopted the subjective recklessness definition found in the Model Penal Code. Id. at 1980. Thus, to establish 'deliberate indifference,' a plaintiff must show that the defendant prison officials consciously disregarded a substantial risk of serious harm to plaintiff. Id.
 
 
 6
 Without benefit of the Farmer decision, the district court essentially concluded that plaintiff cannot establish conduct rising to the level of obduracy or wantonness, citing Whitley v. Albers, 475 U.S. 312 (1986). Although the Court adopted a different standard in Farmer, the standard of subjective recklessness adopted is more difficult for plaintiff to prove than the Whitley standard. For reasons essentially the same as those cited by the district court, we conclude that plaintiff cannot show that a genuine issue of material fact remains for trial under the higher Farmer standard. Simply put, plaintiff cannot show that any defendant consciously disregarded a substantial risk of serious harm to him under the circumstances of this case.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation